self-serving statements made by the injured party at such a time are incompetent. *Greinke v. Chicago City Ry. Co.,* 234 Ill. 564; *Shaughnessy v. Holt,* 236 Ill. 485. What statements she made in such conversations were not given to the jury, but they might just as well have been if the experts were permitted to draw their inferences therefrom. One's conversation is usually under his control, and it was in the power of appellee to make statements from which alone the physicians might draw such inference. We think this evidence is not only inadmissible but prejudicial, for as said in the *Shaughnessy* case, *supra:* "Appellee was allowed to enhance her damages by proof of her own incompetent, self-serving statements, to what extent it is impossible to judge." On the question of damages much stress was laid upon appellee's mental condition. The verdict was so large that her counsel found it advisable to enter a remittitur, but, in view of the stress laid in the case upon this one element of damages and the importance the jury might give to the testimony of experts on the subject, we are not prepared to say that the remittitur cured the error. *Lyons v. Chicago City Ry. Co.,* 258 Ill. 75.

Other errors are assigned and argued, but we need not consider them as they are not likely to arise in another trial. Upon those considered, we think the judgment should be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

---

**The People of the State of Illinois, Defendant in Error, v. Christian H. Schaeffer, Plaintiff in Error.**

**Gen. No. 20,035. (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JACOB H. HOPKINS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed March 23, 1915.

## Statement of the Case.

Information by the People of the State of Illinois, plaintiff, against Christian H. Schaeffer, defendant, charging him with living in adultery with one May Armstrong.

To reverse a judgment of conviction defendant prosecutes this writ of error.

A. L. WILLIAMS, for plaintiff in error; GEORGE H. SUGRUE, of counsel.

MACLAY HOYNE and EDWARD E. WILSON, for defendant in error; MALCOLM B. STERRETT, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. ADULTERY, § 4*—*when information sufficient.* It is not necessary that an information charging adultery charge that the parties were not married to one another.

2. ADULTERY, § 5*—*when evidence sufficient.* On an information for adultery, where the evidence shows that each of the parties was married and knew the other was; that defendant was living separate and apart from his wife, and the woman from her husband; that defendant had rented rooms in different parts of Chicago at different times and occupied them with her and that in some of the places she took his name; that in one of the places there was only one bed; that both of them were seen in the room in their night clothes; that the place in which they lived when the information was filed and during the trial was rented in their joint names and was occupied by both of them, it is sufficient to warrant a conviction of adultery, even though they deny illicit relationship and that they occupied the same room.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.